UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANGEL M. RIVERA, JR.,

                Plaintiff,                      **COMPLAINT**

   -against-                                   Docket No.

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,          **JURY TRIAL**
DETECTIVE TIMOTHY DRAKE,             **DEMANDED**
DETECTIVE JESSE ZUCKERMAN and
UNIDENTIFIED SUFFOLK COUNTY
POLICE OFFICERS

                Defendants.
----------------------------------------------------------X

      The Plaintiff, complaining of the Defendants, by their attorney, JONATHAN B. MANLEY, ESQ. respectfully shows to this Court and alleges that he was deprived his civil rights and sustained injury as a result of the deprivation of his civil rights.

### JURISDICTION AND VENUE

     1.     This court has jurisdiction pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983.

     2.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the claims arose and in which the Defendants conducted business.

### JURY DEMAND

     3.     Pursuant to the Seventh Amendment of the United Stated Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## THE PARTIES

4. Plaintiff, Angel M. Rivera, Jr., is a resident of Suffolk County in the State of New York.

5. The individually named Suffolk County Defendants were at all times employed by the County of Suffolk as Suffolk County Police Officers at all times relevant and pertinent to Plaintiff's complaint.

6. At all times relevant to this complaint, Suffolk County Defendants were duly appointed and acting police officers of the Suffolk County Police Department acting under color of state law, within the scope of their employment, pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Suffolk and the State of New York.

7. Defendants John Doe, whose identities are currently unknown, represent those employees of the Suffolk County Police Department acting within the scope of their employment, and under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Suffolk and the State of New York, who arrived at the scene or supervised officers at the location where Plaintiff was assaulted.

8. Defendant County of Suffolk is a body politic and corporate empowered to exercise home rule.  The Suffolk County Legislature, the County's policymaker, has delegated final policymaking authority for the supervision and control of the Suffolk County Police to the duly appointed Commissioner of the Suffolk County Police Department.

9. At all times hereinafter mentioned, Suffolk County Police Department was and is a department of, and maintained by Defendant Suffolk County.

## FACTS

10. On January 18, 2018, Angel Rivera was a passenger in a vehicle. Members of the Suffolk County Police Department subsequently stopped this vehicle without cause or justification.

11. Members of the Suffolk County Police Department approached the vehicle Angel Rivera was in. Members of the Suffolk County Police Department entered the back of the vehicle and struck Mr. Rivera repeatedly in the face with fists and a metal object. This occurred without provocation or justification. As a result of this attack, Plaintiff suffered physical and emotional injury.

12. Angel Rivera was subsequently detained and placed under arrest by members of the Suffolk County Police Department without cause or justification. After a period of time, Mr. Rivera was released without any criminal charges.

13. That on or about April 9, 2018, Notice of Claim pursuant to §50(e) of the New York State General Municipal Law was served on the Suffolk County Attorney and the Suffolk County Police Department.

14. More than thirty (30) days have elapsed since the service of Notice of Claim and adjustment or payment of Plaintiff's claims has been neglected or refused.

## SUFFOLK COUNTY'S CUSTOM, POLICY AND PRACTICE OF UNCONSTITUTIONAL CONDUCT

15. Suffolk County has a custom, policy, pattern and/ or practice of permitting, ratifying and acquiescing to the use of excessive force, as evidenced by the actions of the members of the Defendant officers.

16. Suffolk County has a custom, policy, pattern and/ or practice of permitting, ratifying and acquiescing to the cover up of unconstitutional conduct, as evidenced by the actions of the members of the Defendant officers.

17. Suffolk County has failed to adequately screen, supervise, train and/ or discipline its officers as evidenced by the actions of the members of the Defendant officers.

18. The unconstitutional and tortious acts of the Defendant officers were the direct result of the custom and/ or policy instituted by Suffolk County policymakers.

## DAMAGES

19. Defendants' unlawful, negligent, intentional, willful, purposeful, deliberately indifferent, reckless, bad-faith and/ or malicious acts, misdeeds and omissions were the direct and proximate cause of Plaintiff's injuries.

20. The Defendants acts caused Plaintiff deprivation and violations of clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

21. The Defendants acts were the direct and proximate cause of Plaintiff's conscious pain and suffering, injuries, severe mental anguish, emotional distress, extreme fear and denial of medical care.

22. All the alleged acts, misdeeds and omissions committed by the individual Defendants described herein for which liability is claimed were done negligently, intentionally, willfully, purposefully, knowingly, unlawfully, maliciously, wantonly, recklessly, and/ or with bad faith and said conduct of the individual Defendants meet all of the standards for imposition of punitive damages.

23. Damages are in the amount to be determined at trial but are in excess of Two Million Dollars ($2,000,000.00) exclusive of interests and costs.

## COUNT I

### 42 U.S.C. § 1983- Excessive Use of Force

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

25. The beating of Plaintiff by Defendants constituted unreasonable and excessive force by police officers. Such actions were intentional, malicious, negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions, and failed to prevent same and breached their duty. This summary punishment was in violation of Plaintiff's rights as guaranteed under the United States Constitution.

26. As a consequence of Defendant's wrongful actions, intentional, negligent and reckless behavior, and violations of federal laws, Plaintiff was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

27. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages as set forth above.

## COUNT II

### 42 U.S.C. § 1983- *Monell* Claim

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

29. The County of Suffolk, by and through its final policymakers, had in force and effect a policy, practice or custom of subjecting individuals to excessive force, and of creating a paper trial to justify unjustified assaults by its officers.

30. Defendant officers were members of the Suffolk County Police Department when Plaintiff was subjected to excessive force.

31. Defendant officers intentionally participated in the use of excessive force.

32. Defendant officers intentionally authorized the force used upon Plaintiff by others.

33. Defendant officers actions and conduct as to Plaintiff represent official government policy.

34. The County of Suffolk, by and through its final policymakers, failed to adequately hire their police officers to insure that citizens would not be subjected to excessive force.

35. The County of Suffolk, by and through its final policymakers, failed to adequately supervise their police officers to insure that citizens would not be subjected to excessive force.

36. The County of Suffolk, by and through its final policymakers, failed to adequately train their policy officers to insure that suspects would not be subjected to excessive force.

37. The County of Suffolk, by and through its final policymakers, failed to adequately discipline its police officers who subjected individuals to excessive force.

38. Though it was foreseeable that constitutional violations of the type Plaintiff suffered would be a predictable result of such failures, Defendants did not rectify the problem, did not investigate and did not institute better hiring standards and procedures, better training programs, better supervision, did not institute disciplinary procedures, and lacked in their responsibilities to insure that their officers were acting in a constitutionally justified manner,

understood what their responsibilities were to act in such manner, were trained to act in such a constitutionally proper way and were disciplined if they did not act as required.

39. Such municipal customs, practices and/ or policies, and such failures in hiring, training, supervising and disciplining its officers, amounted to deliberate indifference to the constitutional rights of individual citizens like Plaintiff and caused Plaintiff to suffer this unjustifiable beating and the ongoing injuries and damages set forth above.

## COUNT III

### 42 U.S.C. § 1983- Supervisory Liability

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

41. Supervisory police officers, acting deliberately, recklessly and under color of law, were, at the relevant times, supervisory personnel with the Suffolk County Police department with oversight responsibility for training, hiring, screening, instruction, supervision and discipline of police officer Defendants who deprived Plaintiff of his clearly established constitutional rights.

42. Supervisory police officers were personally involved in both the deprivation of Plaintiff's constitutional rights and in creating and/ or condoning the policy and/ or custom of failing to take preventative and remedial measures to guard against such constitutional deprivations.

43. Supervisory police officers were reckless in their failure to supervise police officer Defendants, and either knew, personally participated in and/ or should have known that Defendant officers were using excessive force.

44. These supervisory Defendants knew or in the exercise of due diligence would have known that the conduct of the named and John Doe Defendants against Plaintiff was likely to occur.

45. The failure of these supervisory Defendants to train, supervise and discipline the named individual Defendants and John Does amounted to gross negligence, deliberate indifference or intentional misconduct which directly caused the injuries and damages set forth above.

## COUNT IV

### 42 U.S.C. § 1983- Failure to Intervene

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

47. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individuals Defendants.

48. That there exists a duty for Defendant police officers to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

49. That such opportunity existed for the Defendants in the instant case.

50. That the Defendants, by failing in their affirmative duty to intervene are responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

51. That by reason of the failure to intervene the Plaintiff suffered injuries and damages as set forth above.

## COUNT V

### Pendent Claims of Assault and Battery, False Arrest and False Imprisonment

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

53. By their actions, as set forth, Defendants committed brazen acts of battery against Plaintiff which included upon information and belief, placing them in fear of imminent, harmful physical contact; excessive physical force; excessive use of implements; striking with fists and objects. In the course of these events Plaintiff was falsely arrested without cause and falsely imprisoned. The use of physical force against Plaintiffs was unreasonable and excessive.

54. The County of Suffolk and the Suffolk County Police Department are responsible for the excessive and unnecessary physical use of force by the Defendant police officers because it occurred while they were acting in the scope of their employment.

55. As a result of the assault, battery, false arrest, false imprisonment, excessive unnecessary physical force used against them, Plaintiff suffered severe and serious pecuniary physical and mental injuries and Plaintiffs have been damaged as set forth below.

## Count VI

### Respondent Superior

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

57. At all times relevant to this Complaint, all Defendant employees of Suffolk County were acting for, upon and in furtherance of the business of their employer, County of Suffolk and the Suffolk County Police Department and within their scope of employment.

58. Consequently, Suffolk County and the Suffolk County Police Department are liable under the doctrine of Respondent Superior for their tortious actions.

**WHEREFORE,** Plaintiff prays as follows:

A. That the Court award compensatory damages to them and against the Defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to them, and against all individual Defendants, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

C. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988;

D. For a trial by jury.

Dated: January 16, 2019
Hauppauge, New York

By: _____
Jonathan B. Manley, Esq.
1200 Veterans Memorial Highway
Suite 360
Hauppauge, New York 11788
(631)317-0765