UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANGEL M. RIVERA, JR.,

                              Plaintiff,                    **MEMORANDUM**
                                                      **AND OPINION**

          -against-                                CV 19-0610 (AYS)

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
DETECTIVE TIMOTHY DRAKE,
DETECTIVE JESSE ZUCKERMAN and
UNIDENTIFIED SUFFOLK COUNTY
POLICE OFFICERS,

                              Defendants.
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

      This action was commenced on January 31, 2019 by Plaintiff, Angel M. Rivera, Jr.

("Rivera" or "Plaintiff"), against Defendants, the County of Suffolk (the "County"), the Suffolk

County Police Department (the "Police Department"), Detective Timothy Drake ("Drake"),

Detective Jesse Zuckerman ("Zuckerman"), and certain unidentified Suffolk County Police

Officers (collectively, "Defendants"), pursuant to 42 U.S.C. Section 1983 ("Section 1983"), for

violation of Plaintiff's civil rights. Before the Court is Defendants' motion for a partial judgment

on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), and for partial summary

judgment, pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes the motion. For the

following reasons, Defendants' motion is granted in its entirety.

<u>BACKGROUND</u>

I.     <u>Documents Considered</u>

      The facts herein are taken from Plaintiff's Complaint, as they must be when determining

a motion for judgment on the pleadings. With respect to that portion of Defendants' motion that

1

seeks partial summary judgment, while the Court would normally refer to the parties' statements of undisputed facts, submitted pursuant to Local Civil Rule 56.1, the statements filed by the parties herein are utterly useless to the Court.

Pursuant to the Local Civil Rules, a moving party's Rule 56.1 statement is intended to contain "the material facts as to which the moving party contends there is no genuine issue to be tried." (Local Civ. R. 56.1(a).) The opposing party's Rule 56.1 statement is then supposed to contain the "material facts as to which it is contended that there exists a genuine issue to be tried." (Id. at R. 56.1(b).) Moreover, each statement "must be followed by citation to evidence which would be admissible, as set forth by Fed. R. Civ. P. 56(c)." (Id. at R. 56.1(d).)

Here, Defendants' Rule 56.1 Statement contains a mere three paragraphs. The first two simply list the deposition testimony elicited during the depositions of Drake and Zuckerman and direct the Court to review the testimony for itself. (Def. Local Civ. R. 56.1 Statement, Docket Entry ("DE") [36-1], ¶¶ 1-2) The third paragraph then states that "Plaintiff has no evidence that a custom or policy of the County of Suffolk caused a violation of his constitutional rights," without any citation to admissible evidence. (Id. at ¶ 3.) In response, Plaintiff's Rule 56.1 Statement contains four paragraphs, none of which contain citations of any kind, let alone to admissible evidence. (Def. Local Civ. R. 56.1 Statement, DE [37-1].) As such, the parties' Rule 56.1 statements "fail to serve [their] purpose under the Local Civil Rules and add[] no value to the Court's resolution of [Defendants'] motion." Labacz v. Rohr, No. 19-cv-00528, 2022 WL 43752, at *1 (E.D.N.Y. Jan. 5, 2022); see also Watt v. N.Y. Botanical Garden, No. No. 98 Civ. 1095, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000) (noting that the purpose of Local Civil Rule 56.1 "is to enhance the Court's efficiency in reviewing motions for summary judgment by freeing the Court from hunting through a voluminous record without guidance from the parties").

2

Accordingly, the Court declines to consider or adopt either of the Rule 56.1 statements submitted.

II.     <u>Facts</u>

On January 28, 2018, Plaintiff was a passenger in a vehicle that was stopped by members of the Suffolk County Police Department. (Compl., DE [1], ¶ 10.) Plaintiff alleges that the police officers entered the vehicle in which Plaintiff sat and repeatedly struck Plaintiff in the face with fists and a metal object. (<u>Id.</u> ¶ 11.) Plaintiff was subsequently detained and placed under arrest. (<u>Id.</u> ¶ 12.) After a period of time, Plaintiff was released without being charged with any crime. (<u>Id.</u>) Plaintiff alleges that he suffered physical and emotional injuries as a result of this incident. (<u>Id.</u> ¶ 11.)

On April 9, 2018, Plaintiff filed a Notice of Claim pursuant to Section 50(e) of the New York General Municipal Law. (<u>Id.</u> ¶ 13.) Plaintiff commenced the within action on January 31, 2019, alleging the following causes of action, all brought pursuant to Section 1983: (1) excessive force; (2) municipal liability; (3) supervisory liability; and, (4) failure to intervene. Plaintiff also alleges state law claims for assault, battery, false arrest, false imprisonment, and <u>respondeat superior</u>. Defendants now move for a judgment on the pleadings to dismiss Plaintiff's claim for supervisory liability and for summary judgment with respect to Plaintiff's municipal liability claim. Plaintiff opposes both grounds of the motion.

DISCUSSION

I.      <u>The Police Department is not a Suable Entity</u>

As a threshold matter, the Court notes that while the Suffolk County Police Department is named as a defendant herein, it is not actually a suable entity. As Plaintiff's counsel should undoubtedly be aware, "[u]nder New York law, departments which are merely administrative

3

arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (dismissing claims against White Plaints Department of Public Safety where claims also asserted against municipality); see also Fanelli v. Town of Harrison, 46 F. Supp. 2d 254, 257 (S.D.N.Y. 1999) (dismissing claims against police department where municipality, as the "real party in interest," was named as well); Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) ("The Court also dismisses the claims against the New York City Police Department, which cannot be sued independently because it is an agency of the City of New York.").

Based on the foregoing, the Court sua sponte dismisses the Suffolk County Police Department from this action as it is not a suable entity.

II.     Defendants' Motion for a Partial Judgment on the Pleadings

A.     Legal Standard

A motion under Federal Rule of Civil Procedure 12(c) is properly granted where, upon consideration of the pleadings in Plaintiff's favor, Plaintiff fails to state a claim upon which relief may be granted. The Court may consider those documents annexed to the Complaint and those integral to that pleading, as well as those documents as to which judicial notice is appropriate. In the context of a Rule 12(c) motion, the Court may consider all undisputed allegations of fact, but may not weigh those facts. Where, as here, a defendant moves for judgment on the pleadings, the Court may not consider the allegations of the Answer in Defendant's favor. Instead, the legal standard to be applied is the same as that which applies to motions brought pursuant to Rule 12(b)(6). See generally Lively v. WAFRA Investment Advisory Grp., Inc., 6 F.4th 293, 306 (2d Cir. 2021).

B.      Disposition of the Motion

Defendants move for a judgment on the pleadings solely with respect to Plaintiff's claim for supervisory liability, brought pursuant to Section 1983. The basis for Defendants' motion is that discovery is now closed, and the statute of limitations has expired, yet Plaintiff has failed to name any supervisors in this action. (Def. Mem. of Law 3.) In response, Plaintiff argues that discovery revealed that Defendants Drake and Zuckerman did not have a direct supervisor at the time of the incident underlying this action; therefore, no supervisor could be named in the pleadings. (Pl. Mem. of Law in Opp'n 3-4.) Acknowledging that the claim for supervisory liability may likely be subject to dismissal, Plaintiff requests leave to amend his Complaint to name Lieutenant Perone, who was effectively Drake and Zuckerman's supervisor at the time of the incident, as a defendant herein. (Id. at 4.) Defendants oppose amendment of the Complaint at this point in the proceedings. (Def. Reply Mem. of Law 1-2.)

"[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." Raffaele v. City of New York, 242 F. Supp. 3d 152, 159 (E.D.N.Y. 2017) (citing Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003)). Accordingly, supervisory liability can be shown in one or more of the following ways:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed though a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

Raffaele, 242 F. Supp. 3d at 159 (quoting Hernandez, 341 F.3d at 144). As the Second Circuit has made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the

5

elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." <u>Tangreti v. Bachmann</u>, 983 F.3d 609, 620 (2d Cir. 2020).

Based on the foregoing standard, to sustain a claim for supervisory liability, Plaintiff herein must plead and prove a constitutional violation committed by a known individual supervisor. Plaintiff has failed to carry his burden. As both parties acknowledge, discovery is now closed and the statute of limitations with respect to the supervisory liability claim has expired. Yet Plaintiff never amended his Complaint to add a supervisory defendant. Plaintiff attempts to excuse this fact by asserting that "[t]here were significant delays in the discovery process due to the coronavirus pandemic and discovery did not conclude until after the statute of limitations period had passed." (Pl. Mem. of Law in Opp'n 4.)

However, as Defendants point out, and the deposition testimony submitted makes clear, Plaintiff has known that Lieutenant Perone was Drake and Zuckerman's supervisor at the time of the underlying incident since at least September 2019 when he received the Internal Affairs Bureau file. Moreover, Drake confirmed that Lieutenant Perone was their supervisor during his deposition, conducted by Plaintiff's counsel, on March 31, 2021. Yet, Plaintiff never moved to timely amend his Complaint to name Lieutenant Perone. Instead, he now seeks leave to amend in opposition to Defendants' motion. Putting aside the procedural impropriety of Plaintiff's request, it is well-settled that where "discovery has closed and the Plaintiff has had ample time and opportunity to identify and serve John Doe Defendants, it is appropriate to dismiss those Defendants without prejudice." <u>Delrosario v. City of New York</u>, No. 07 Civ. 2027, 2010 WL 882990, at *5 (S.D.N.Y.

Mar. 4, 2010) (citing cases). Plaintiff had plenty of time to amend his Complaint to add

Lieutenant Perone; he simply chose not to do so. Permitting him to amend his Complaint

when this action is effectively trial-ready and discovery has long since closed would be

unduly prejudicial to Defendants.

Accordingly, Defendants' motion for a partial judgment on the pleadings with

respect to Plaintiff's claim for supervisory liability, pursuant to Section 1983, is granted

and the claim is dismissed, without prejudice.

III.    Defendants' Motion for Partial Summary Judgment

A.      Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp.

v. Catrett, 477 U.S. 317, 323 (1986). The very language of this standard dictates that an

otherwise properly supported motion for summary judgment will not be defeated because of the

mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue

of material fact." Id. at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most

favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 588 (1986). When the moving party has carried its burden, the party opposing

summary judgment must do more than simply show that "there is some metaphysical doubt as to

the material facts." Id. at 586. In addition, the party opposing the motion "may not rest upon the

7

mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

  B. Disposition of the Motion

    Count II of Plaintiff's Complaint alleges that the County has a practice or custom of subjecting individuals to excessive force, "and of creating a paper trail to justify unjustified assaults by its officers." (Compl. ¶ 29.) Plaintiff further alleges that the County failed to adequately train its officers to ensure that suspects would not be subjected to excessive force. (Id. ¶ 36.) Defendants seek partial summary judgment, solely with respect to this claim.

  Pursuant to the Supreme Court's decision in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Id. at 694; see also Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986) (holding that a municipality may not be held liable under Section 1983 under a respondeat superior theory). Rather, a municipal entity may only be held liable where injury results from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Id. Therefore, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690-91). "The plaintiff must show a 'direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.'" Mazzone v. Town of Southampton, 283 F. Supp. 3d 38, 61 (E.D.N.Y. 2017) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

To demonstrate a policy, custom or practice, "a plaintiff need not identify an express rule or regulation." Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Rather, a plaintiff may demonstrate the existence of a custom or policy by introducing evidence of one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policymaker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

Alwan v. City of New York, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2018) (quoting Jones v. Westchester County, 182 F. Supp. 3d 134, 158 (S.D.N.Y. 2016)) (additional citation omitted).

To establish a claim of municipal liability based on a failure to train theory, a plaintiff must "identify a specific deficiency in the [municipality's] training program and establish that that deficiency is 'closely related to the ultimate injury' such that it 'actually caused' the constitutional deprivation." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 129 (2d Cir. 2004) (quoting City of Canton v. Harris, 489 U.S. 378, 391 (1989)). "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [municipality], for the officer's shortcomings may have resulted from factors other than a faulty training program." City of Canton, 389 U.S. at 390-91. Neither is it enough to prove that an injury or accident "could have been avoided" if an officer had been provided better or more training since "[s]uch a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal." Id. at 391.

Plaintiff has offered no evidence to this Court – other than his own alleged experience – to sustain a finding that the County has a custom or policy of subjecting individuals to excessive force. Plaintiff argues that there is a triable issue of fact with respect to his <u>Monell</u> claim because, during deposition questioning, both Drake and Zuckerman "did not indicate any training regarding refraining from using excessive force, refraining from constitutional violations against the citizens of Suffolk County or bias-free policing." (Pl. Mem. of Law in Opp'n 4.) However, it is clear from the deposition transcripts of both Drake and Zuckerman, which the Court reviewed in their entirety, that Plaintiff's counsel never even questioned the officers about such specific training. While Plaintiff's counsel asked questions pertaining to the officers' training in general, he did not inquire as to whether they were trained with respect to the use of force or what the County's training with respect to the use of force entails.

Moreover, as Defendants point out, the "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." <u>City of Canton</u>, 489 U.S. at 388. Accordingly, a "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." <u>Moran v. County of Suffolk</u>, No. 11 Civ. 3704, 2015 WL 1321685, at *10 (E.D.N.Y. Mar. 24, 2015) (quoting <u>Connick v. Thompson</u>, 563 U.S. 51, 62 (2011)) (additional citation omitted). "Without actual or constructive 'notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" <u>Moran</u>, 2015 WL 1321685, at *10 (quoting <u>Connick</u>, 563 U.S. at 62). Where, as here, a plaintiff "points to no evidence of similar violations by purportedly untrained officers that may have notified the County of any deficiencies with the County's

training of its officers," summary judgment is appropriate. Moran, 2015 WL 1321685, at *10, *12.

Based on the foregoing, Defendants' motion for partial summary judgment is granted. Defendants are granted judgment as a matter of law with respect to Plaintiff's municipal liability claim.

CONCLUSION

For the foregoing reasons, Defendants' motion for a partial judgment on the pleadings is granted and Plaintiff's claim for supervisory liability, pursuant to 42 U.S.C. § 1983, is dismissed, without prejudice. Defendants' motion for partial summary judgment is also granted and Defendants are granted judgment as a matter of law with respect to Plaintiff's claim for municipal liability. Finally, the Court sua sponte dismisses all claims against the Suffolk County Police Department as it is not a suable entity.

All other claims set forth in Plaintiff's Complaint remain to be tried. The parties are directed to submit a joint pre-trial order, consistent with the Individual Rules of this Court, within thirty (30) days of the date of this Order. Upon receipt thereof, the Court will schedule this matter for trial.

**SO ORDERED.**

Dated:  June 2, 2022
        Central Islip, New York

                                         /s/ Anne Y. Shields          
                                        ANNE Y. SHIELDS
                                        United States Magistrate Judge